IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON PAUL VANOVER,<br><br>                Petitioner,<br><br>vs.<br><br>JAMES A. YATES, Warden, Pleasant Valley State Prison,<br><br>                Respondent. | No. 2:08-cv-00637-JWS<br><br>MEMORANDUM DECISION |

       Petitioner Aaron Paul Vanover, a state prisoner appearing *pro se*, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Vanover is currently in the custody of the California Department of Corrections and Rehabilitation incarcerated at the Salinas Valley State Prison, Coalinga, California.  Respondent has answered the petition, and Vanover has filed his traverse.

       I.  BACKGROUND/PRIOR PROCEEDINGS

       In March 2006, Vanover was convicted upon a plea of guilty in the Sacramento County Superior Court of one count of evading law enforcement causing serious bodily injury (Cal. Vehicle Code § 2800.3), one count of vehicle theft with priors (Cal. Vehicle Code §§ 10851/666.5(a)), and three counts of receiving stolen property (Cal. Penal Code § 496(a)). Vanover also pled to two prior strikes.  It was agreed that the court would dismiss one of his two strikes and that the maximum sentence imposed would be 17 years, 8 months.  Petitioner agreed to an upper term sentence of five years on Count Three, to one-third the mid-term consecutive on Counts One, Six and Seven and to one-year enhancements for three prior prison terms.  All of the terms were doubled under the Three Strikes Law.

       Vanover did not appeal his conviction.  Vanover filed a petition for a writ of habeas corpus in the Sacramento County Superior Court on March 5, 2007, which denied the petition in

a reasoned decision April 26, 2007.  Vanover then filed a petition for habeas relief in the California Court of Appeal, which summarily denied the petition without opinion or citation to authority and the California Supreme Court summarily denied review without opinion or citation to authority on July 11, 2007.  Vanover filed a petition for certiorari in the Supreme Court on September 11, 2007, which was denied January 7, 2008.  Vanover timely filed his petition in this Court on March 24, 2008.

## II.  ISSUES PRESENTED/DEFENSES

In his petition Vanover raises two grounds:  (1) he was sentenced to the upper term based upon factors not found to be true by the jury or admitted; and (2) he was improperly sentenced to consecutive terms based upon factors not found to be true by the jury or admitted.  Respondent has not asserted any affirmative defenses.[1]

## III.  STANDARD OF REVIEW

Because Vanover filed his petition after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d).  Consequently, this Court cannot grant relief unless the decision of the California Court of Appeal was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[2]  The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[3]  Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established

---

[1] *See* Rules—Section 2254 Cases, Rule 5(b).

[2] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000); *see Lockyer v. Andrade,* 538 U.S. 63, 70-73 (2003) (explaining this standard).

[3] *Williams*, 529 U.S. at 412.

Federal law.'"[4]  When a claim falls under the "unreasonable application" prong, a state court's application of the Supreme Court precedent must be "objectively unreasonable," "not just incorrect or erroneous."[5]  The Supreme Court has made clear that the objectively unreasonable standard is a substantially higher threshold than simply believing the state court determination was incorrect.[6]  In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state-court criminal trial is whether the error had a substantial and injurious effect or influence in determining the jury's verdict.[7]

In applying this standard, this Court reviews the last reasoned decision by the state court.[8] Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[9]

## IV.  DISCUSSION

Ground 1:  *Cunningham* Violation at the Upper Term.

Vanover argues that the imposition of the upper term based upon factors not found to be true by a jury or admitted violates the Sixth Amendment under *Apprendi v. New Jersey* [10] and *Cunningham v. California.*[11]  The Sacramento Superior Court rejected his argument, holding in reliance on a California Court of Appeals decision that "when a defendant admitted two strikes so that he qualified for application of the three-strikes law, *Cunningham* was not implicated if the court later struck a strike and imposed the upper term on one of the other counts."

---

[4] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 128 S. Ct. 743, 746-47 (2008) (per curiam).

[5] *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003).

[6] *Schriro v. Landrigan*, 550 U.S. 465, ___, 127 S. Ct. 1933, 1939 (2007).

[7] *Fry v. Pliler*, 551 U.S. 112, ___, 127 S. Ct. 2321, 2328 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

[8] *Ylst v. Nunnemaker*, 501 U.S. 797, 504 (1991); *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004).

[9] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

[10] 530 U.S. 466 (2000).

[11] 549 U.S. 270, 288–89 (2007) (holding that the mid-term is the statutory maximum for the purpose of applying *Apprendi*).

First, the Court notes that Vanover's contention is factually unfounded. Vanover admitted two priors. Second, even if he had not so admitted, as prior convictions, they fell outside the scope of *Apprendi*. *Apprendi* held that: "*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[12] *Cunningham* continued recognition of the prior conviction exception.[13]

The decision of the Sacramento County Superior Court denying Vanover's application for a writ of habeas corpus was neither "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" nor "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[14] Nor did the state court unreasonably apply the correct legal principle to the facts of Vanover's case within the scope of *Lockyer–Williams–Schriro*; *i.e.*, the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable.

Ground 2:  *Apprendi* Violation – Imposition of Consecutive Sentences.

Vanover argues that the imposition of consecutive sentences based upon factors not found to be true by a jury or admitted by him violated his Sixth Amendment rights. The Sacramento County Superior Court rejected Vanover's argument. "There is no current authority holding consecutive sentences invalid because of judicial fact-finding. The court declines to extend Cunningham in this way."

Vanover relies on the *Apprendi*-line of cases. First, his contention, as with the first ground, is factually inaccurate. Vanover admitted the priors. Even if he had not, the prior convictions fall within the *Apprendi–Almendarez-Torres* exception and the United States Supreme Court recently held in *Oregon v. Ice* that the *Apprendi*-line of cases does not apply to

---

[12] 530 U.S. at 490 (emphasis added); *see also Almendarez-Torres v. United States*, 523 U.S. 224, 243–247 (1998) (recidivism is a sentencing factor, not an element of the crime that must be submitted to the jury).

[13] 549 U.S. at 288–89.

[14] 28 U.S.C. § 2254(d).

the imposition of consecutive sentences, traditionally a sentencing factor not an element of the crime submitted to the jury.[15]  *Ice* validates the decision of the Sacramento County Superior Court.

Vanover is not entitled to relief under his second ground.

V.  CONCLUSION and ORDER

Vanover is not entitled to relief under either ground raised in the petition.  Accordingly,

**IT IS HEREBY ORDERED THAT** the Petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[16]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.  *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

The Clerk of the Court to enter judgment accordingly.

Dated:  February 26, 2009.

/s/ John W. Sedwick
JOHN W. SEDWICK
United States District Judge

---

[15] 129 S. Ct. 711, 717–720 (2009).

[16] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks and citations omitted).